UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER ORLOSKI,

    Plaintiff,

v.                                    Case No. 8:18-cv-709-T-33SPF

TERRORIST SCREENING CENTER, ET AL.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court in consideration of *Pro Se* Plaintiff Christopher Orloski's "Ex Parte Motion for Reconsideration of Plaintiff's Motion for Judicial Inquiry" (Doc. # 44), filed on July 10, 2018. As explained below, the Court denies the Motion.

**I.   Background**

Orloski is a resident of Clearwater, Florida who suffers from "a mental disability (schizoaffective disorder)." (Doc. # 14 at ¶¶ 25, 26). He claims that he was "erroneously placed" on TSA's Automatic Selectee List, which is a terrorist watchlist. (Id. at ¶ 6). Orloski maintains that during an incident on February 6, 2015, at Tampa International Airport, "all of [his] electronic equipment including cell phones, computer, mp3 player, etc." were seized and transferred to Homeland Security. (Id. at ¶ 33). He also claims that he was "subjected to extended screening by TSA

1

and restrictive airline boarding pass policies" on April 11, 2015, April 12, 2015, July 8, 2015, and on several other occasions. (Id. at ¶¶ 36, 37, 39). Orloski indicates that his treatment at the various airports has exacerbated his mental disability and he now suffers from "depression, suicidality, hopelessness, psychosis, delusions, paranoia, and other psychiatric symptoms." (Id. at ¶ 50). He also claims that he is "suffering due to the effects of extreme stress that the TSA/CBP screenings and interrogations and HSI investigations impose on [him]" such as "mental anguish, extreme anxiety, paranoia, profuse sweating, [and] a flee-from-terror response." (Id.).

He initiated this action on March 26, 2018. Orloski seeks an Order removing him from the No-Fly and Automatic Selectee Lists maintained by TSA and all other Government databases. (Id. at ¶ 7). He also seeks $40 million dollars in damages.

On June 12, 2018, Orloski visited the Sam M. Gibbons United States Courthouse in Tampa, Florida. He claims that when he entered the security checkpoint to gain access to the Court, "there was some commotion amongst the U.S. Marshals and they browsed a binder in the security checkpoint and found Plaintiff's phot and identity in the binder" showing that he was on a watchlist. (Doc. # 29 at 2). He was allowed into the Courthouse, but he was "shadowed by the U.S. Marshals" during his entire visit to the Courthouse. (Id.). On the same day, he filed his "Ex Parte Motion for a Small

Judicial Inquiry." (Doc. # 29). Orloski believes that the U.S. Marshals' actions were in retaliation against him for filing the instant case and argues that this incident is a "Replica of This Case in Miniature." (Id.). Orloski provides similar allegations as the overlying case, purporting to have never been notified by the U.S. Marshals of his placement on the Tampa Courthouse watchlist and that he has done nothing to warrant this erroneous placement. (Id. at 3).

As a result, Orloski requested a judicial inquiry into a number of questions related to when and why he was placed on the courthouse watchlist and how to be removed from it. (Id. at 3-4). Orloski additionally requested that, if the Court finds his escorting by the U.S. Marshals unnecessary, that an Order be entered directing the removal of his name from the Courthouse watchlist. (Id. at 4). He also sought to add the U.S. Marshals as a Defendant in this case. (Id.). The Ex Parte Motion for a Small Judicial Inquiry and other relief was denied by the Honorable Mark A. Pizzo, United States Magistrate Judge, on July 10, 2018. (Doc. # 42). Orloski objects to the denial of his Motion.

## II. **Legal Standard**

Federal Rule of Civil Procedure 72(a) permits a district court to refer any non-dispositive pretrial matter to a magistrate judge for disposition. A party may object to a magistrate judge's order on a non-dispositive pre-trial matter within fourteen days after

service of the order. Fed. R. Civ. P. 72(a). Although Orloski's Motion is titled as a "Motion for Reconsideration" it is technically a timely filed objection to Judge Pizzo's Order.

Upon consideration of a timely objection, a district court must affirm a magistrate Judge's ruling on a non-dispositive matter unless "it has been shown that the magistrate judge's order is clearly erroneous or contrary to the law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to the law").

"Clear error is a highly deferential standard of review.... [A] 'finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1351-52 (11th Cir. 2005) (citation omitted). "An order is contrary to law 'when it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" S.E.C. v. Kramer, 778 F.Supp.2d 1320, 1326-27 (M.D. Fla. 2011) (quoting Tompkins v. R.J. Reynolds Tobacco Co., 92 F. Supp. 2d 70, 74 (N.D.N.Y. 2000)).

III. <u>Analysis</u>

    A. <u>Objection to Judge Pizzo's Order</u>

Orloski alleges that Judge Pizzo is a Government protectorate that has shown his allegiance to the U.S. Government. (Doc. # 44 at 2-3). Orloski references his Response (Doc. # 12) to Judge Pizzo's Report and Recommendation (Doc. # 11), recommending the case be dismissed pursuant to 28 U.S.C. § 1915 for frivolousness and failure to state a claim, as purported evidence of Judge Pizzo's bias and protection of the Government. Orloski's Response alleges, "Magistrate Judge Pizzo spins a dark web filled with Plaintiff's supposed fiscal lies, thereby tainting the case and giving the appearance of a magistrate judge serving as a government protectorate." (Doc. # 12 at 2). Orloski also alleges that being followed by the U.S. Marshals frightens him of imminent arrest, impacts his ability to perform during hearings, and unfairly and unjustly assassinates his character. (Doc. # 44 at 3). Orloski also supplies irrelevant YouTube links related to rockets in purported support of his Motion for Reconsideration. (Id. at 4).

Orloski is essentially arguing that denying his Motion for a Small Judicial Inquiry is another example of Judge Pizzo defending the U.S. Government and, therefore, the Order is "clearly erroneous and contrary to law and contrary to judicial canons." (Doc. # 44 at 2-3). Even construed liberally, Orloski has failed to convince the Court that Judge Pizzo's Order was clearly erroneous and contrary to law because his Motion is based on irrelevant statements and the conclusory and baseless accusation that Judge

5

Pizzo is protecting the Government. In other words, Orloski's arguments fail to leave the Court with the firm and definite conviction that a mistake has been made and to demonstrate that that the Magistrate misapplied any relevant statutes, case law, or rules of procedure, thereby demanding affirmation. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

Orloski does not provide any legal analysis as to how he reaches the conclusion that Judge Pizzo misapplied any statutes, case law, or rules of procedure that was contrary to law or any analysis to show that the order is clearly erroneous. The fear that Orloski claims to have felt from being followed by the U.S. Marshals does not convince the Court to reconsider the adjudication of the Motion for Small Judicial Inquiry because there is an "obvious alternate explanation" that would suggest Orloski is on the watch list for a legitimate and lawful reason. Ashcroft v. Iqbal, 556 U.S. 662, 681-682 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 567 (2007)).

### B. Ex Parte Motion for a Small Judicial Inquiry

Even if the Court had been convinced to revisit the disposition of the Motion for Small Judicial Inquiry, the Court would still find no occasion to grant any relief to Orloski. The Motion for Small Judicial Inquiry lacked any arguable basis in the law. Orloski does not supply adequate reasoning meriting any

6

further inquiry into the U.S. Marshals. And, all of his arguments are purely speculative.

Since Orloski fails to convince the Court that Magistrate Judge Pizzo's Order was clearly erroneous and contrary to law, and considering Orloski's requested relief has no arguable basis, this Court finds that affirming the Order remains appropriate, and Orloski's Motion for Reconsideration must be denied.

Accordingly, it is,

**ORDERED, ADJUDGED,** and **DECREED:**

Orloski's Ex Parte Motion for Reconsideration of Plaintiff's Motion for Judicial Inquiry (Doc. # 44) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 13th day of August, 2018.

*[Signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE